twenty-seventh general order, in so far as it is consistent with the act. and in so far as it applies to debts or claims which will be released by a discharge in bankruptcy, is a clear indication that the justices of the supreme court understand the act as giving to the district court power to enforce the exemption from arrest to which a bankrupt is entitled under the act. The twenty-sixth section confers such exemption. One of the means prescribed by the act for securing it, is a protection against arrest, as a muniment or safeguard. The giving of this protection by the court or a register is an act done "under and in virtue of the bankruptcy." The enforcing such exemption from arrest, when a bankrupt is entitled to it by section 26, whether a protection has been granted or not, and whether a protection granted has been violated or not, is an act done "under and in virtue of the bankruptcy." The exemption from arrest is conferred by section 26, because the party is adjudged a bankrupt by the district court; and the enforcing of such exemption by affirmative action is clearly an act "to be done under and in virtue of the bankruptcy." Being such, the jurisdiction of the district court in which the bankruptcy proceedings are pending, clearly extends, under the first section of the act, to the doing of this act by any appropriate method. Where the bankrupt is not in close custody, a habeas corpus may not be necessary. A simple order may suffice to give the requisite relief. The order will be an order in bankruptcy, and, by the first section of the act, full authority is given to the court to compel obedience to all orders and decrees passed by it in bankruptcy, "by process of contempt and other remedial process." In some cases, a habeas corpus may be necessary, and such a remedy is contemplated by one provision in general order No. 27. Irrespective of that provision, if a bankrupt is arrested in violation of the twenty-sixth section of the act, and is thus restrained of his liberty in violation of a law of the United States, this court, or the judge thereof, has power, under the act of February 5, 1867, entitled "An act to amend 'An act to establish the judicial courts of the United States,' approved September twenty-fourth, seventeen hundred and eighty-nine" (14 Stat. 385), to issue a writ of habeas corpus and release him from his imprisonment. It follows, therefore, that this court is competent to grant to the bankrupt in this case the relief sought by him, provided his arrest was founded on a debt from which his discharge in bankruptcy would release him. This court must necessarily inquire into that question, and decide it for itself on this application. It is a disputed question of fact, which cannot be decided on ex parte affidavits, whether the debt in this case was contracted by the fraud of the bankrupt, and is, therefore, one from which his discharge in bankruptcy would not release him. If the bankrupt desires it, a reference will be ordered, under section 38 of the act, to take testimony on the question, and the application will be heard and decided on the testimony so taken.

[See Case No. 5,475.]

## Case No. 5,475.

### In re GLASER.

[1 N. B. R. 241 (Quarto, 18).] [1]

District Court, S. D. New York. Jan. 14, 1868.

AFFIDAVIT TO STAY PROCEEDINGS IN STATE COURTS.

In bankruptcy.

"Siegmund Spingarn being duly sworn says, he is one of the copartners of the firm of Morrison, Lauterbach & Spingarn, attorneys at law. That Henry Morrison, one of the said firm, is the attorney of record of the said Louis Glaser, the petitioner for adjudication of bankruptcy. That the petition of said Louis Glaser was filed on the 13th day of January, 1868, by this deponent. That before the filing of said petition, several creditors of the said Louis Glaser commenced actions for the recovery of money due and owing to them from said Louis Glaser. That on the 9th day of January, 1868, one L. H. Mandlebaum commenced an action in the Second district court of the city of New York, which action is now at issue and placed for trial. That on the same day a creditor named James Cohen commenced an action in the same court against the said Louis Glaser, the summons in which case is returnable on the 15th day of January, 1868. That on the same day George C. Eyland commenced an action in the marine court of the city of New York, against the said Louis Glaser, which action is now pending. That on the same day the firm of A. Altmayer & Co. commenced an action in the same court, to wit, the marine court, in which action the summons is returnable January 17, 1868. That on the 10th day of January, 1868, Isaac Van Deusen, John Van Deusen, and Henry Boehmer commenced an action in the supreme court of the state of New York, against the said Louis Glaser. Deponent further says, that the petitioner, Louis Glaser, has no valid and legal defence to interpose in any of these cases, and that they will recover judgment, unless restrained by order of this honorable court. Deponent further says that all these actions are brought to recover debts due by the said petitioner, Louis Glaser, which are set out in the schedule attached to the petition for adjudication of bankruptcy. That they are all debts provable under the act of congress passed March 2, 1867 [14 Stat. 517], and from which the petitioner may be discharged in bankruptcy. Sieg. Spingarn.

---

[1] [Reprinted by permission.]

"Sworn to before me, this 14th day of January, 1868. R. E. Stilwell, U. S. Commissioner."

[See Case No. 5,474.]

## Case No. 5,476.

### In re GLASER.

[2 N. B. R. 398 (Quarto, 129).] [1]

Circuit Court, S. D. New York. 1869.

CONTEMPT — EXAMINATION OF WITNESSES UNDER COMMISSION—BANKRUPTCY PRACTICE.

On an application for attachment of witnesses for contempt in not making answers on examination under a commission, held, that attachment must be refused, for. the reason that no written interrogatories accompanied the commission, and no information furnished as to the particular enquiry.

[In bankruptcy. In the matter of Samuel Glaser.]

Martin & Smith, for application.
Benedict & Boardman, opposed.

BLATCHFORD, District Judge. The commission issued by the district court for the southern district of Ohio, not being accompanied by any written interrogatories, and not furnishing any information as to what the enquiry is, to which the examination of the witnesses named in it is to be directed, so that I can determine whether the questions which the witnesses have refused to answer, are or are not pertinent to such enquiry; it is impossible for me to hold that the witnesses have refused to answer any pertinent or proper question. The application for the attachment is, therefore, refused.

GLASGOW (HOTCHKISS v.). See Case No. 6,717.

GLASS (LESLIE v.). See Case No. 8,275.

## Case No. 5,477.

### GLASSELL'S ADM'R v. WILSON'S ADM'R.

[4 Wash. C. C. 59.] [2]

Circuit Court, D. Pennsylvania. April Term, 1821.

VENDITIONI EXPONAS—MOTION TO SET ASIDE SALE BY STRANGER TO THE SUIT—SUIT BY FOREIGN ADMINISTRATOR.

1. Motion to set aside a sale of land, which had been sold under process of execution out of this court. The motion was made on behalf of persons not parties to the suit, claiming title to the land adverse to that of the defendant in the execution. By the Court: The claimant of the land sold under a venditioni exponas can in no way become a party to, or connect himself with,

[1] [Reprinted by permission.]
[2] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the Supervision of Richard Peters, Jr., Esq.]

this case. If he has a title to the land, he will not be prejudiced by the sale, and he may assert his right in a proper suit to maintain it.
[Cited in Hitchcock v. Roney, 17 Ill. 233.]

2. By the practice in Pennsylvania, an administrator acting under letters of administration granted in another state. may institute a suit in this state without taking out letters of administration here.
[Cited in The Boston, Case No. 1,669.]
[See Allen v. Philadelphia Sav. Fund Soc., Id. 234.]

Rule to show cause why the levy and sale of the land under a venditioni exponas should not be set aside. Suit was brought by Glassell against James Wilson in 1797, and judgment was entered in 1798; soon after which, Wilson died, and administration on his estate was granted to Bird Wilson. In 1819 Glassell died, and a scire facias, to revive the judgment, was sued out in the name of Mr. Swan, a citizen of Maryland, his administrator. The scire facias issued against Petit, as administrator de bonis non of James Wilson, who confessed judgment in November, 1819, and a fieri facias issued, which was executed on certain lands, which were sold under a venditioni exponas.

Rawle. and Tilghman (who admitted that they appeared on their own behalf, the land levied on belonging to them, and not as counsel for defendant) assigned as reasons in support of the rule: (1) That the levy was made on land which, they could prove if allowed, belonged to them, and not to Mr. Wilson's estate; and (2) that it did not appear that the plaintiff had taken out letters of administration in this state; consequently that he could not be a proper party to revive the judgment. [Fenwick v. Sears' Adm'rs] 1 Cranch [5 U. S.] 259.

Edward Ingersoll, against the rule, objected: (1) That the administrator of Wilson not objecting to the. judgment and execution, a mere stranger to the suit can not; (2) that the law of this state does not require that letters of administration should have been granted to the plaintiff in this state. 1 Bin. 63; 3 Mass. 515.

WASHINGTON, Circuit Justice. It is not sufficient to point out errors in these proceedings, unless it is done by a person who can introduce himself regularly into the case as a party authorised to question their regularity. Now in this case, the counsel who obtained this rule do not appear for Mr. Bird Wilson, or for the purchasers at the sale, but they claim title in themselves to the land which was levied on and sold. At present, however, they appear before the court as entire strangers to this transaction, and can in no other way connect themselves with it but by showing their title to the land. and that it is better than that of Mr. Wilson. But is this an inquiry proper for the court to enter upon under this rule? Is it competent to this court to decide such a question? We think not. In cases like the present, or